# Henry Leatherman et al., Partners as Leatherman & Brother, Plffs. in Err., *v.* Joseph B. Van Dusen.

In an action upon a promissory note, an affidavit of defense setting forth that the note was simply an accommodation note and that the money was not obtained on the credit of the makers but upon that of the indorsers, is not sufficient in law to prevent judgment for the plaintiff.

(Argued January 13, 1888.   Decided January 23, 1888.)

July Term, 1887, No. 104, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Error to Common Pleas No. 4 of Philadelphia County to review a judgment for plaintiff for want of a sufficient affidavit of defense.   Affirmed.

The plaintiff, who was a holder for value, brought suit upon a promissory note of which the following is a copy:

$255.00                     Philadelphia, Nov. 27, 1886.

Three months after date, we promise to pay to the order of Blake & Walton, at Eighth National Bank, two hundred and fifty-five dollars without defalcation.   Value received.

Due,                                 Leatherman & Bro.

(Indorsed, Blake & Walton.)

The defendants filed the following affidavit of defense:

Joseph Leatherman, a member of the said firm, defendant, being only affirmed, says that there was no consideration given for the note in suit, but that it was made simply as an accommodation for the firm of Blake & Walton; that said note is indorsed by the said firm of Blake & Walton, and on their credit they ob-

---

NOTE.—For defense by accommodation indorsers, see note to Schwartzkopf v. Hill, 2 Sad. Rep. 283.

tained the money from plaintiff, and not on any other credit of the defendants, the makers without consideration.

All of which facts deponent is informed, believes, and expects to be able to prove on the trial.

Whereupon, April 26, 1887, the said plaintiff entered a rule for judgment, for want of sufficient affidavit of defense against defendant.

On April 30, 1887, this case came on to be heard, and defendants, before the argument commenced, asked leave of said court to file a supplemental affidavit of defense to the effect that "Samuel R. Blake, a member of the said firm of Blake & Walton, payees of the note upon which this suit is brought, was pledging the credit of the said firm of Blake & Walton to obtain money which he appropriated to his own use; and this the said plaintiff knew when he took said note."

This the court refused, and made the rule absolute.

Defendants then took this writ, assigning for error this action of the court.

*W. C. Adams,* for plaintiffs in error.—This note was executed for a specific purpose to accommodate the firm of Blake & Walton. It was not used for that purpose, but the proceeds were misappropriated by one member of the firm. This was a fraud upon the plaintiffs in error, and the note was fraudulently put into circulation, and this was sufficient to put upon the defendant in error the burden of proving he was a bona fide holder for value. 2 W. N. C. 225, 303.

Proof that a note was fraudulently obtained puts the holder on proof of consideration for the transfer. Hutchinson v. Boggs, 28 Pa. 294; Hoffman v. Foster, 43 Pa. 137.

(No appearance or argument for defendant in error.)

Per Curiam:

The affidavit of defense in this case was clearly insufficient. Judgment affirmed.